*79 OPINION.
GREEN:
The petitioner contends that undrawn salaries and interest thereon credited to the officers during the taxable years 1917 to 1920, inclusive, pursuant to agreements reached at directors’ conferences are proper deductions under section 12(a) of the Revenue Act of 1917 and section 234(a) (1) of the Revenue Act of 1918, as ordinary and necessary expenses for doing business in the years in question. The respondent contends that as the minutes of the petitioner contain no mention of interest on undrawn salaries, no obligation was incurred, and he further contends that as the salaries could not be drawn without the approval of the directors, no present obligation was incurred which might be accrued.
*80 The petitioner is a closely held Louisiana corporation. The three stockholders constitute both its entire board of directors, as well as its officers. The affairs were handled more in the manner of a partnership than as a corporation. During the years in question very few formal directors’ meetings were held. The record of such meetings was poorly kept and in many instances the entries were undated. The policy of the company was determined at conferences of the three directors. The Board, in the case of Reub Isaacs <& Go., 1 B. T. A. 45, recognized the similarity of a closely held corporation to that of a partnership. The directors decided at various times that the salaries paid were inadequate. Because of the nature of the business and the large amounts of capital required, it was deemed expedient that salaries should be drawn only with the consent of the board of directors. The stockholders determined that since one of their number had advanced $35,000 and was receiving interest thereon at 8 per cent, a similar rate of interest should be allowed on all undrawn salaries. While the minute book does .not reflect any such decision, the petitioner’s books of account show that for the years 1918 to 1920 interest was so credited.
We are of the opinion that both salaries and interest on the un-drawn portion thereof as authorized at the informal conference of the directors and as credited on the books of the company, were a liability which should be accrued on the books of the petitioner and that the respondent erred in not allowing the amounts thereof as a deduction.

Judgment will be entered for the petitioner.

Considered by Sternhagen and Arundell.